McKinney, J.,
delivered the opinion of the Court.
*649 This was an action of trespass, in the Circuit Court of Morgan, in which the title to the land trespassed upon, was put in issue. And the question is, which party had the superior title.
Lavender, the plaintiff in the action, derived his title under a grant to Levi Trewhitt, for two hundred acres, hearing date 6th of Eebruary, 1838, founded on an entry made 28th March, 1826. The supposed title of White, the defendant, was derived as follows: One James McClintock made an entry of fifty acres, on the 3d of January, 1826, which was surveyed on the 23d of May of the same year; hut upon which no grant ever issued. This entry was levied upon and sold hy the sheriff, to satisfy a judgment against .said McClin-tock, on the 16th of July, 1827; and instead of transferring the plat and certificate of survey made upon said entry, to the purchaser, as prescribed hy law, the sheriff made a deed of conveyance for said fifty acres of land, to the purchaser, in the ordinary form of conveying granted land, without any reference to the entry.
The entry of McClintock, it will he observed, is some two or three months prior in date to the entry on which Trewhitt’s grant is founded. The grant of Trewhitt overlaps the McClintock entry, thereby producing an. interference of several acres. And for an alleged trespass within the limits of this interference, this action was brought.
The proof establishes a continuous actual possession, under the sheriff’s deed, of part of the land within the McClintock entry, since 1833, a period of more than twenty years before the commencement of this suit. But this actual possession did not extend to any part of *650 the land within the limits of the interference. On the other hand, it is proved that there has been a like unbroken actual possession, under the Trewhitt grant, since 1838, but not within the part covered by the McOlintock entry. So that, in fact, there has been no actual possession, on either side, within the interference.
On this state of facts, it is insisted for White, that having the elder entry .for the land in dispute, which as is alleged, was transferred to him by the sheriff’s sale; and having held possession for more than twenty years, the presumption of a grant arises in his favor, and has relation to the date of his elder entry, and thereby he has become invested with the superior title to the land. •
This conclusion is not tenable, for several reasons. In the first place, if the existence of a grant, by presumption of law, were to be admitted, and that it related to the date of the McOlintock entry; still, as the presumed grant could, at most, have no greater effect than an actual grant, it would not constitute the better title, unless it were shown that the entry to which it related, was a special entry. Whether the McOlintock entry was speoial, we need not stop to inquire, in our view of the whole case.
If it be conceded, for the 'purpose of this decision— without any authoritative determination . of the point — that the sheriff’s deed to the purchaser was, in law, equivalent to a transfer of the plat and certificate of survey made upon the entry, in the mode prescribed by the statute; still, the purchaser only became invested thereby with the mere equitable right to procure a grant for the land in his own name, the legal title still remaining in *651 the State. The sheriff’s deed could, at most, operate only as an assignment, 'in law, of the entry, and define the extent of the claim. It could not be regarded as even color of title, the land not having been then granted by the State; and would have required a continued adverse possession for seven years, to have given the purchaser even a possessory right co-extensive with the boundaries of such deed, under the second section of the act of 1819. Within the period of seven years, his possession must, perhaps, be regarded as limited to his actual inclosures. But if the contrary of this be conceded, and the purchaser be considered as having had possession commensurate with the boundaries of the sheriff’s deed; and if it be admitted, furthermore, that in the absence of any adverse possession, the presumption of a grant would have attached and commenced to operate in his favor, in 1838, to the full extent of the boundaries of the deed; yet it is clear, that the legal effect of the subsequent grant to Trew-hitt, in 1838, and possession under it, was instantly to arrest and cut off Such presumption in favor of the purchaser, to the extent that the land covered by the McClintock entry was taken by the grant to Trewhitt. So far as an interference existed between the grant to Trewhitt and the McClintock entry, there could not be, at the same time, a constructive possession in each of the opposing claimants. The legal seizin, or possession, in judgment of law, was in the party having the legal title. It follows, therefore, that by the actual possession taken under the Trewhitt grant, in 1838, the grantee became invested with the legal or constructive possession of the entire tract of land described in the grant. And *652 from this it results, that the supposed prior constructive possession of the purchaser of t'he McOlintock entry — if such constructive possession could have existed, upon the facts in this case — was excluded and ceased to exist from the date of the plaintiff’s possession under the grant, in 1838. And the possession — which is the sole foundation of the presumption of a grant — having thus ceased to exist, the presumption itself was necessarily destroyed. The same conclusion might, perhaps, he arrived at upon a different principle; biit we deem it unnecessary to pursue the discussion further.
The judgment for the plaintiff is correct, and it will he affirmed.